'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WEST AMERICAN INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>ADT COMMERCIAL LLC, formerly known as Red Hawk Fire and Security, LLC; and DOES 1 to 25,<br><br>            Defendants. | CV 20-6849-RSWL-RAOx<br><br>**ORDER re: Motion for Judgment on the Pleadings** [18] |
|---|---|

    On May 11, 2020, Plaintiff West American Insurance Company ("Plaintiff") filed this Action [1-2] in the Superior Court of the State of California, County of Los Angeles, seeking subrogation from Defendant ADT Commercial LLC, formerly known as Red Hawk Fire and Security, LLC ("Defendant"). Defendant removed [1] the Action on July 30 and answered [10] on August 10.

1

Presently before the Court is Defendant's Motion for Judgment on the Pleadings (the "Motion"). For the reasons set forth below, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff is an insurance provider authorized to transact insurance business in California. Notice of Removal Ex. 2 ("Compl.") ¶ 1, ECF No. 1-2. Defendant is a Colorado limited liability company with its principal place of business in Florida. Answer ¶ 2, ECF No. 10.

Plaintiff insured Boulevard Investment Group, Inc. for the premises located at 11645 Wilshire Blvd., Los Angeles, CA (the "Subject Premises"). Compl. ¶ 6. On May 13, 2017, the Subject Premises sustained substantial water damage when part of the fire suppression system failed, causing water to flood the building and resulting in structural damage, property damage, and the interruption of business operations within the building. Id. ¶ 9. As the insurer of the Subject Premises, Plaintiff paid Boulevard Investment Group, Inc. an amount in excess of $771,882, which constituted the indemnity payment less the relevant deductible. Id. ¶ 10.

Plaintiff asserts claims of negligence and negligence per se arising out of the May 13 flooding of the Subject Premises. See generally id. Plaintiff's claims are based on Defendant's alleged negligence, carelessness, and recklessness in inspecting, testing, and servicing the fire suppression system at the Subject

Premises. Id. ¶¶ 7-9.

On February 9, 2021, Defendant filed this Motion for Judgment on the Pleadings [18]. Plaintiff opposed [19] the Motion on February 16, and Defendant replied [20] on February 23.

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate "when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007) (quoting Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999)).

The standard governing Rule 12(b)(6) motions also governs 12(c) motions. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). The facts are viewed in the light most favorable to the nonmovant, and all reasonable inferences are drawn in favor of that party. Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004) (quoting Swierkiewicz v. Sorema

1  N.A., 534 U.S. 506, 514 (2002)).

2  **B.   Discussion**

3  Plaintiff asserts negligence claims[1] against
4  Defendant, alleging that Defendant "negligently,
5  carelessly and recklessly inspected, tested, and
6  serviced, the fire suppression system . . . at the
7  [Subject Premises], in violation of its duties pursuant
8  to [National Fire Protection Association standard] 25."
9  Compl. ¶ 7.  In its Motion, Defendant argues that
10 Plaintiff's Complaint fails to allege a duty under
11 ordinary tort law principles, as "[t]here is no common
12 law duty to inspect, test, or service the subject system
13 . . . because these duties only exist in contractual
14 agreements."  Mem. in Supp. of Mot. for J. on the
15 Pleadings 6:6-7:1, ECF No. 18-1.  Defendant further
16 argues that negligence per se does not salvage the
17 Complaint because it "is devoid of any factual
18 allegations that [Defendant] violated any statute,
19 ordinance, or regulation imposing upon [Defendant] a
20 duty to inspect, test, or service the subject system."
21 Id. at 7:16-8:2.

22 To successfully plead a negligence claim, Plaintiff
23 must allege a duty, breach of duty, causation, and

---

[1] Plaintiff's Complaint asserts two causes of action: negligence and negligence per se.  But negligence per se is an evidentiary doctrine—not a cause of action—that a plaintiff may use to establish a duty, as well as a breach of that duty, beyond the limited common law standards of care.  Jones v. Awad, 39 Cal. App. 5th 1200, 1210-11 (2019).

4

damages.  <u>Berkley v. Dowds</u>, 152 Cal. App. 4th 518, 526 (2007).  Because Plaintiff relies on statutory language and fire standards—rather than common law tort principles—to impose a duty on Defendant, the Court analyzes Plaintiff's claims under the doctrine of negligence per se.  <u>See</u> <u>Casey v. Russell</u>, 138 Cal. App. 3d 379, 383 (1982) (recognizing that the doctrine of negligence per se "means that the court has adopted the conduct prescribed by the statute[, ordinance, or regulation of a public entity] as the standard of care for a reasonable person in the circumstances"); <u>see also</u> Cal. Evid. Code § 669.

   Plaintiff's first contention is that Defendant breached its duty of care under National Fire Protection Association ("NFPA") standard 25.  Compl. ¶ 7; Opp'n to Mot. for J. on the Pleadings ("Opp'n") 1:2-9, ECF No. 19.  But the NFPA is not a governmental entity; it is "a global self-funded nonprofit organization . . . devoted to eliminating death, injury, property and economic loss due to fire, electrical and related hazards."  National Fire Protection Association, NFPA Overview, https://www.nfpa.org/overview (last visited Mar. 11, 2021).  Therefore, unless adopted as a statute, ordinance, or regulation, the standards of NFPA 25 cannot supplant the ordinary standard of care.  <u>See</u> Cal. Evid. Code § 669 (extending the doctrine of negligence per se to statues, ordinances, or regulations adopted by public entities).  Plaintiff tellingly cites no legal

5

authority in which a court used NFPA provisions to set the relevant standard of care.

Plaintiff also argues that its allegations are adequate to establish a breach of duty under California Civil Code § 1708, which provides that "[e]very person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights." But Section 1708 "does not impose liability in the absence of a legal duty of care." Aranda v. CitiMortgage Inc., No. SACV 13099273 JVS (MLGx), 2013 WL 12182677, at *3 (C.D. Cal. May 13, 2013) (citation omitted); see also Whitaker v. Tandy Corp., No. C-97-00803-VRW, 1997 WL 703766, at *2 (N.D. Cal. Oct. 31, 1997) ("In absence of any other alleged legal duty, the cause of action under § 1708 must be dismissed."). Because Plaintiff fails to adequately allege a legal duty arising from ordinary tort law or a relevant regulation, the Court **GRANTS** the Motion.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion **with leave to amend** within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED.**

DATED: March 18, 2021        /s/ Ronald S.W. Lew
                             **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge